UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14235-CIV-MAYNARD

**DANIEL JOHN RICHARDSON**,

    Plaintiff,

v.

**KILOLO KIJAKAZI,**
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before me on Plaintiff's Opposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA"). DE 36. Defendant has responded (DE 37), and Plaintiff has replied (DE 41). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff filed this lawsuit on July 10, 2020 seeking review of the denial of his claims for disability insurance benefits. DE 1. Both parties filed briefs in support of their respective positions. DE 25; DE 27. On March 31, 2022, I issued an order to remand the case to the Commissioner of the Social Security Administration for further proceedings ("Remand Order"). DE 34. To recap the facts as set forth in the Remand Order: Plaintiff is a veteran who was engaged in live combat in Afghanistan, among other places, from April 2002 to July 2009, at ages 18 to 25. *Id.* at 9-10. Plaintiff alleged disability beginning on June 19, 2009 due to post-traumatic stress disorder ("PTSD"), traumatic brain injury, severe anxiety, severe depression, anger issues, and

insomnia. *Id.* The Administrative Law Judge ("ALJ") in Plaintiff's case found that Plaintiff had the severe impairments of post-traumatic stress disorder ("PTSD"), bipolar disorder, attention deficit hyperactivity disorder, history of traumatic brain injury and cervical and lumbar disc disease. The ALJ also determined that Plaintiff needed to demonstrate disability on or before June 30, 2016 ("Date Last Insured"). *Id.* Further, the ALJ determined at step five that Plaintiff was able to perform the jobs of cleaner/housekeeper, stock checker apparel, or electrical assembler as generally performed, which jobs existed in significant numbers in the national economy. *Id.* at 2-3.

On appeal, Plaintiff argued that the ALJ had not provided sufficient rationale for finding the opinion of treating psychologist, Scott Fairchild, unpersuasive. *Id.* at 7. My Remand Order made several findings pertaining to the ALJ's failure to adequately explain why Dr. Fairchild's opinions were unpersuasive. *Id.* at 13-17. First, I found that the ALJ was incorrect that Dr. Fairchild's December 2019 Evaluation of Plaintiff did not relate back to Plaintiff's insured period. *Id.* at 13. Second, I determined that the December 2019 Evaluation was relevant. *Id.* at 14. Third, I found that, although the ALJ dismissed in conclusory fashion the supportability of Dr. Fairchild's opinions, record evidence existed to support his opinions thus precluding a finding that Dr. Fairchild's opinions were *obviously* unsupported. *Id. See also Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, *3 (M.D. Fla. April 6, 2021) (addressing supportability in terms of a medical source's support for their own opinions). Fourth, I found that the ALJ failed to explain why Dr. Fairchild's opinions were inconsistent with the record, and I noted record evidence consistent with his findings, particularly as to Plaintiff's deficits in concentration, which again negated a finding that Dr. Fairchild's opinion was *obviously* inconsistent. DE 34 at 15-16. I also determined that Dr. Fairchild's opinion as to Plaintiff's deficits in concentration conflicted with the ALJ's residual

functioning capacity ("RFC") finding that "Plaintiff is 'capable of performing simple routine repetitive tasks for 2-hour segments over the course of an 8-hour day.'" *Id.* at 16-17 (citing R. 19). Therefore, I concluded that "[w]ithout further explanation as to why the ALJ [found] Dr. Fairchild's opinion inconsistent, it [was] not possible to determine that substantial evidence exist[ed] to support such a finding." *Id.* at 17.

## DISCUSSSION

There are two statutes governing fees that a court may award a claimant seeking Social Security benefits. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). First, under 42. U.S.C. § 406(b), a court may award a reasonable fee for representation of a claimant when entering a judgment in favor of the claimant. *Id.* The statute allows for payment of these fees through a withholding of a claimant's past-due benefits. *Culbertson v. Berryhill*, 202 L. Ed. 2d 469, 139 S. Ct. 517, 520-21 (2019). Second, where the government's position is not "substantially justified," a court may award fees to a successful claimant pursuant to the EAJA. *Jackson*, 601 F.3d at 1271. Fees awarded under the EAJA are paid by the agency. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) ("Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and, accordingly, are paid out of agency funds." (internal quotation marks and citation omitted)).

Here, Plaintiff requests an award of fees under the EAJA in the amount of $5,230.87. DE 36. Plaintiff argues that he is entitled to fees because: (1) he is the prevailing party; (2) his net worth did not exceed two million dollars at the time the action was filed; (3) the government's position was not substantially justified; (4) there are no special circumstances which make an EAJA award unjust; and (5) the application is timely. *Id.* Defendant opposes an award of attorney

3

fees under the EAJA on the basis that the government's position in this case was substantially justified. DE 37. Plaintiff replies that the ALJ essentially ignored a medical opinion, which conflicted with the ALJ's RFC finding. DE 41 at 2. Therefore, according to Plaintiff, denying Plaintiff's fee request on the basis that the government's defense of the ALJ's decision was reasonable would undermine the purpose of the EAJA—to eliminate financial disincentives for challenges to unreasonable government actions. *Id.* at 2-3.

"Under EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018) (Brannon, J.) (citing 28 U.S.C. § 2412(d)). Here, Defendant disputes only the second criteria and argues that the Government's position was substantially justified.

The Government bears the burden to show that its position in the litigation was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). To be substantially justified, the Government's position must have "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566, n. 2 (1988). In other words, the Government's position "is justified to a degree that would satisfy a reasonable person." *Jones*, 125 F.3d at 1425. "[A] position can be justified even though it is not correct, and … it can be substantially justified if a reasonable person could think it correct." *Pierce*, 487 at 566, n. 2.

Defendant makes three arguments as to why it reasonably defended the ALJ's decision in the instant case. First, Defendant argues that the ALJ properly articulated the supportability factor by explaining that Dr. Fairchild's records did not contain "any mental status examinations or

4

clinical findings." DE 37 at 2.  Second, Defendant argues that it summarized the normal findings and other evidence that the ALJ had already discussed in her decision, which Defendant contends support that "the ALJ properly articulated consideration of the consistency factor" as to Dr. Fairchild's opinions. *Id.* at 3.  Third, Defendant argues that "there was no binding precedent related to whether an ALJ complied with the new medical evidence regulations at the time of briefing." *Id.* at 4-5.  In this regard, Defendant asserts that, because it had been successful in similar circumstances as here, its position in the instant case had legal merit. *Id.* at 5.

Although I find that the Defendants' position is substantially justified, I do not reach all of Defendants arguments.  Furthermore, I do not credit Defendant's arguments to the extent that Defendant reargues the merits in the underlying case.

An ALJ's failure to provide sufficient explanation for a finding, without more, is not grounds to consider the Commissioner's defense of the ALJ's decision to be unreasonable.  Indeed, courts regularly find that the Commissioner's decision to litigate its denial of benefits is reasonable when an ALJ errs by failing to provide a sufficient explanation for making certain findings, including when ALJs reject or discount a medical opinion.  In other words, the failure of an ALJ to adequately articulate reasons for making certain findings does not equate to the Commissioner's position in denying benefits being indefensible. *See Mills v. Astrue*, No. 1:04-CV-401-SPM/AK, 2008 WL 2945554, at *1 (N.D. Fla. July 24, 2008) (finding Government's position substantially justified even though Eleventh Circuit remanded for the ALJ "to clearly articulate the reasons for the differing amount of weight that he gave to the evidence provided by each doctor"); *see also Tiffany T. v. Saul*, No. 219CV00479DLPJRS, 2021 WL 2186448, at *3 (S.D. Ind. May 28, 2021) (explaining that the ALJ had merely "made a mistake in articulation" such that "the Court was unable to follow the logical bridge" between a plaintiff's limitations and RFC restrictions as

contrasted with cherry-picking, ignoring, or mischaracterizing "a significant body of relevant evidence"); *Therrien v. Comm'r of Soc. Sec.*, No. CV 18-12966, 2020 WL 913813, at *2 (E.D. Mich. Feb. 26, 2020) (finding that the ALJ's insufficient explanation was "procedural rather than substantive," and that the "Commissioner may have a fully justified position" for not giving a medical opinion controlling weight); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726–27 (6th Cir. 2014) (affirming decision that the Commissioner's position was substantially justified where an ALJ's opinion lacked adequate explanation for discounting the opinions of treating physicians); *cf. Donnette H. Saul*, 498 F. Supp. 3d 328, 333-34 (N.D.N.Y. 2020) (finding that the ALJ had "literally manufactured" an RFC finding in contrast to cases where an ALJ simply provided insufficient explanation for rejecting a medical opinion).

Here, as in cases detailed above, Defendant's decision to litigate is reasonable. First, contrary to Plaintiff's contention, the ALJ did not ignore Dr. Fairchild's opinion. Instead, similar to cases discussed above, the ALJ failed to *adequately explain* the consistency and supportability factors underpinning her finding that Dr. Fairchild's opinion was unpersuasive. Second, like *Tiffany T*, I found that the lack of explanation as to consistency precluded me from "build[ing] the requisite accurate and logical bridge from the evidence to her conclusion." DE 34 at 15; 2021 WL 2186448, at *3. The lack of adequate explanation by the ALJ in this case is not equivalent to Defendant taking an unreasonable litigation position by defending an ALJ who ignored evidence.

In addition, finding Defendant's position reasonable in this case is supported by the reasoning in *Malcolm on behalf of D.M. v. Saul*, 18-62251-CIV, 2021 WL 1906977, at *3 (S.D. Fla. May 12, 2021) (hereinafter, *Malcolm*). There, United States District Judge Roy K. Altman found that "the [at issue] medical opinions [did not] necessarily contradict[ ] the ALJ's decision"; rather, the Court could not tell "whether they supported the ALJ's conclusion" because the

6

opinions were not discussed. *Id.* Judge Altman explained that the "Commissioner made colorable (though ultimately incorrect) arguments in its merits briefing ... that the medical opinions were consistent with the ALJ's conclusion." *Id.* at *2. Similarly, here, it was not possible to determine that the evidence supported the ALJ's finding because she failed to provide a sufficient discussion and analysis. DE 34 at 17. In a similar vein as well, I stated that Defendant's after-the-fact explanations could not serve to affirm the ALJ's decision. *Id.* Thus, as in *Malcolm*, I find Defendant's position here reasonable even though it was incorrect.

Moreover, as Defendant correctly argues, there was no binding precedent at the time of the parties' briefing as to the ALJ's compliance with the newer regulations governing medical evidence. Plaintiff did not expressly address this argument in his reply. Courts may consider, among other things, the clarity of the governing law in evaluating the reasonableness of the Government's position. *United States v. Pease*, 137 F. App'x 220, 225 (11th Cir. 2005) (listing non-exhaustive factors that courts may consider of: "(1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) *the clarity of the governing law*; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position") (emphasis added)).

Here, the Eleventh Circuit clarified in June 2022 that the Commissioner's elimination of the treating physican rule abrogated its earlier precedents applying that rule. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-97 (11th Cir. 2022) (deciding that the new regulation, 20 C.F.R. § 404.1520c (2017), instructing ALJs to give a treating physician's opinion no deference and to weigh medical opinions based on their persuasiveness "validly abrogated" prior case precedent). Although the ALJ in this case applied the new regulation, the recency of its affirmation

7

and the lack of binding precedent addressing issues arising from its application weigh in favor of finding Defendant's position reasonable.

## CONCLUSION

As detailed above, I find that Defendant took a reasonable position to litigate and defend the ALJ's decision in the instant case. Therefore, Defendant's position was substantially justified. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 36) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of September, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE